**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT GEORGE HEAD, JR.,

Defendant.

Crim. No. 02-75 (1) (ADM/RLE)

**MEMORANDUM AND ORDER**

This matter is presently before the Court on Defendant's motion for appointment of counsel. (Docket No. 177.) Defendant's motion is puzzling, as a final judgment of conviction and sentence was entered in this matter long ago, and there are no other motions or proceedings currently pending for which appointment of counsel might be appropriate. As far as the Court can tell, Defendant is asking that counsel be appointed to represent him in connection with a motion for relief under 28 U.S.C. § 2255 that he apparently intends to file in this matter at some time in the future.

Although appointment of counsel is authorized by statute in § 2255 proceedings if "the interests of justice so require," (18 U.S.C. § 3006A(a)(2)(B)), there is no constitutional or statutory right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). The decision as to whether counsel should be appointed in a federal post-conviction matter is purely discretionary. United States v. Degand, 614 F.2d 176, 178 (8th Cir. 1980); see also McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982).[1]

---

[1] However, counsel must be appointed if an evidentiary hearing is required in connection with a pending § 2255 motion. (See Rule 8(c) of the Rules Governing Section 2255 Proceedings For The United States District Courts.) That requirement obviously does not apply here, however, as Defendant has not yet filed a § 2255 motion.

Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues, and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, Defendant apparently wants an attorney to help him pursue some type of factual or legal investigation, which might generate a colorable § 2255 claim. However, there is nothing in Defendant's current submissions to suggest that he actually has any potential grounds for seeking relief under 28 U.S.C. § 2255. Furthermore, if Defendant does have some specific grounds for relief in mind, (which have not been procedurally defaulted because they were not raised on direct appeal), he has failed to demonstrate that he cannot raise those grounds on his own. Defendant claims that he needs a lawyer to help him gather certain evidence that he allegedly has been unable to obtain by himself. However, he has not adequately explained what that evidence might be, or why he believes such evidence might cast doubt on the validity of his conviction. Nor has he explained why he would not be procedurally barred from seeking to introduce such evidence for the first time in a § 2255 motion.

In sum, the Court finds no reason to believe that appointment of counsel in this case would provide any meaningful benefit to Defendant or to the Court. Defendant's motion for appointment of counsel will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's motion for appointment of counsel, (Docket No. 177), is DENIED.

Dated: July 21, 2005

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge