RECEIVED
NOV 18 2005
U.S. DISTRICT COURT
JUDGE MONTGOMERY CHAMBERS

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA, Plaintiff,

v.

ROBERT GEORGE HEAD,JR., Defendant.

No. CR 02-75-01 ADM/RLE

Hon. Ann D.Momtgomery

---

MOTION FOR COPIES/PRODUCTION OF TRIAL TRANSCRIPTS

**COMES** the defendant in the above-entitled action, Robert George Head,Jr., and moves this Court pursuant to 28 U.S.C.§753(f) for the production of his trial transcripts. Specifically,it is requested that this motion be granted at the earliest convenience of the court since defendant has been Ordered by the Eighth Circuit Court of Appeals to present to the District Court my brief I had submitted as a Petition for Rehearing to their Court. Which the Eighth Circuit construed as a 28 U.S.C.§ 2255.

28 U.S.C.§ 753(f) states in part:

> Fees for transcripts furnished in criminal proceedings to persons under the Criminal Justice Act (18 U.S.C.3006A), or in habeas corpus proceedings to persons allowed to sue,defend,or appeal in forma pauperis,shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcrpits furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge

SCANNED
NOV 29 2005
U.S. DISTRICT COURT ST. PAUL

certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

In support thereof,defendant states the following:

1. Defendant Robert George Head Jr., has been incarcerated since January 19,2002 and is indigent.

2. On August 14,2002 Robert George Head,Jr., plead guilty before the Hon. Ann D. Montgomery.

3. On September 14,2002 Robert George Head,Jr., filed a motion to withdraw his guilty plea in the District Court.

4. On January 29,2003 Robert George Head,Jr., had a hearing on his motion to withdraw his previous guilty plea. At the same hearing the District Court denied my motion and sentenced me to 84 months.

5. On August 21,2003 the Eighth Circuit Court of Appeals reversed the conviction and judgement.

6. During all this time Robert George Head has written to Patrick Noaker, the Eighth Circuit Court of Appeals and the District

Court with motions to compell discovery and whatever means were necessary to try and get the transcripts and any other Brady, Bruton, Rovario,404(b), that he had pertaining to my case.

7. Without trial transcripts,defendant Robert George Head,Jr., will not be able to present meritorious issues to the trial court, or the Eighth Circuit Court of Appeals for consideration. An example of this is my petition for a rehearing which was done with only appeal briefs that were sent to me.

8. The trial transcripts are needed in order for defendant Robert George Head,Jr., to investigate and research his appeal.

9. Defendant Robert George Head,Jr., was forced to proceed without an attorney on direct appeal as Mr. Noaker attempted to quit on May 11,2004, but was denied by the Eighth Circuit Court of Appeals so he filed a frivolous appeal in my behalf.

10. Denial of this motion would be a denial of due process as well as a constitutional denial of access to the court.

## MEMORANDUM IN SUPPORT

It is now settled beyond doubt that prisoners have a substantive constitutional right to access to the courts and that inmate access must be "adequate,effective and meaningful." Bounds v. Smith,97 S.Ct. 1491,45 LW 4411 (1977).

Because such access is impossible without a trial transcript or adequate substitute, the Supreme Court has nearly uniformly required that the prosecuting sovereignty provide trial records to inmates unable to buy them. "The only cases that have rejected indigent defendants' claims to transcripts have done so either because an adequate alternative was available but not used, Britt v.

North Carolina, 92 S.Ct. 431 (1971),or because the request was plainly frivolous and a prior opportunity to obtain a transcript was waived. United States v. MacCollom, 96 S.Ct. 2086 (1976). Bounds v.Smith, supra,45 LW at 4413 n.8.

"and even as it rejected a claim that indigent defendants have a constitutional right to appointed counsel for discretionary appeals, the Supreme Court reaffirmed that [the prosecuting sovereignty] must'assure the indigent defendant an adequate opportunity to present his claims fairly.'" Nothing in United States v.MacCollom,supra,departed from the notion that "'meaningful access' to the courts is the touchstone." Bounds v. Smith, supra,45 LW at 4413 n. ( and 4414 n.16.

"Moreover, when the prosecuting sovereignty is the federal government so that no comity considerations arise, the federal courts may also draw on their inherent supervisory powers to establish more liberal access than mandated by the Constitution." Rush v. United States, 559 F.2d 455 (7th Cir.1977).

Our American form of government is based upon the concept that all citizens are "endowed by their Creator" with "unalienable rights" to "liberty," that the United States Constitution was drafted in large measure to "secure" (not create) those rights, and that even where a citizen has been lawfully deprived of liberty as a result of criminal conviction and sentence, the Constitution follows him within penitentiary walls, See Haines v Kerner, 92 S.Ct. 594 (1972); Johnson v.Avery,89 S.Ct.747 (1969); Wolff v. McDonnell, 94 S.Ct. 2963 (1974); Ingraham v. Wright, 97 S.Ct 1401 (1977).

**Wherefore**, defendant Robert George Head,Jr., moves this Court to grant this request and order the clerk of court to provide defendant with a copy of his trial trnascripts from both trials and all hearings in this case, which includes docket sheets.

Respectfully Submitted,

Date: November 15,2005

Robert George Head Jr.

Robert George Head/Jr. 10319-041
Federal Correctional Institution
Oxford,Wisconsin
P.O.Box 1000
53952

**CERTIFICATE OF SERVICE**

This certifies that I have on this 15th day of November,2005 placed a true and exact copy of the

**MOTION FOR COPIES/PRODUCTION OF TRIAL TRANSCRIPTS**

in the U.S. Mail, first class postage prepaid, addressed to

United States District Court
District of Minnesota
Chambers of Honorable Ann D. Montgomery
13W U.S. Courthouse
300 S. Fourth Street
Minneapolis,Minnesota 55415

Robert George Head Jr.
Robert George Head Jr. 10319-041
Federal Correctional Institution
Oxford WI
P.O. Box 1000
53952

**United States Court of Appeals**
*For the Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

Michael E. Gans
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

October 25, 2005

Robert George Head
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952

Re: 04-1807 United States v. Robert George Head

Dear Mr. Head:

We have received an Appellant's Primary Brief, which the court construes as a motion to vacate under 28 U.S.C. § 2255. This must be filed in the first instance in the district court. Accordingly, we are returning this brief to you for filing in the district court.

Sincerely,

Robin J. Weinberger
Robin J. Weinberger
Chief Deputy Clerk

Enclosure