**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT GEORGE HEAD, JR.,

Defendant.

Crim. No. 02-75(1) (ADM/RLE)

**MEMORANDUM AND ORDER**

---

This matter is presently before the Court on Defendant's self-styled "Motion For Copies/Production Of Trial Transcripts." (Docket No. 182.) Defendant is asking for free copies of the transcripts from all prior proceedings in this case.

The prior proceedings in this case include two complete appeals to the Eighth Circuit Court of Appeals – United States v. Head, 340 F.3d 628 (8th Cir. 2003) and United States v. Head, 407 F.3d 925 (8th Cir. 2005). Transcripts from the trial court proceedings were made available to the defense for both of those appeals. Defendant now contends that he is entitled to another copy of the transcripts, at the Government's expense, to help him prepare a motion that he intends to bring under 28 U.S.C. § 2255.

However, a federal prisoner is not automatically entitled to free copies of transcripts for use in connection with a § 2255 motion. The applicable statute, 28 U.S.C. § 753(f), provides that

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." (Emphasis added.)

This statute clearly indicates that free transcripts do not have to be provided to indigent § 2255 petitioners in every case. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993). See also United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979) ("it is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case").

In this case, Defendant has not identified any specific need for any of the transcripts he is requesting. Indeed, it clearly appears that Defendant is seeking free copies of the transcripts simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, free transcripts records will not be provided for such purposes. See Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D.N.J. 1998) ("[s]ection 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to 'search for error in an attempt to generate a basis for collaterally attacking a conviction'"), quoting United States v. Marias, No. Crim. A. 92-256-2, (E.D.Pa. 1995), 1995 WL 221353 at *1. See also Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) ("'[a]n indigent [criminal defendant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw'") (per curiam), quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (per

curiam) ("[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies"). Because Defendant has not shown any clear and specific need for any transcripts, his request to have transcripts provided to him at the government's expense must be rejected.

Furthermore, Defendant should be able to get the transcripts he is seeking from the attorneys who have represented him in this case. Defendant has failed to explain why he should be given a new set of transcripts, at the government's expense, when he presumably can get those transcripts from his lawyers. For this additional reason, Defendant's request for free transcripts will be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's "Motion For Copies/Production Of Trial Transcripts," (Docket No. 182), is DENIED.

Dated: November 30, 2005

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge