UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 02-75(1) (ADM)
Civil No.: 06-3873 (ADM)

ROBERT GEORGE HEAD JR., Petitioner,

v.

UNITED STATES OF AMERICA Respondent.

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## INTRODUCTION

The United States of America, by and through its undersigned counsel, hereby submits this response in opposition to Defendant-Petitioner Robert George Head Jr.'s section 2255 habeas motion. Defendant's motion should be denied on the following grounds:

1. Petitioner's Claims 1, 3-11, and 13-14 are procedurally-barred, and, in the alternative, without merit.

2. Petitioner's Claim 2, ineffective assistance of counsel, fails to satisfy applicable Strickland standards.

3. Petitioner's Claim 12, a jurisdictional challenge, is without merit because 18 U.S.C. § 2 is a law of general federal applicability.

4. Petitioner's "Suggestions," a jurisdictional challenge, is without merit because Counts 2 and 3 in the indictment were properly charged.

5. Petitioner's request for an evidentiary hearing should be denied because his claims are without merit.

**PROCEDURAL HISTORY**

On March 5, 2002, Petitioner and his co-defendants Jeffrey Lee Dolson and Alana Lee Brown were charged in a five-count indictment by a federal grand jury in the District of Minnesota. Count 1 charged all three defendants with robbery in violation of Title 18, United States Code, Sections 2, 1151, 1153(a), and 2111. Count 2 charged all three defendants with aggravated assault in violation of Title 18, United States Code, Sections 2, 113(a)(3), 1151 and 1153(a). Count 3 charged Petitioner and Ms. Brown with aggravated assault in violation of Title 18, United States Code, Sections 2, 113(a)(3), 1151 and 1153(a). Count 4 charged all three defendants with brandishing a firearm during a crime of violence in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(ii). Count 5 charged Petitioner and Ms. Brown with discharging a firearm during a crime of violence in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(iii).

On August 14, 2002, after the first trial in this matter began, Petitioner pled guilty before this Court to one count of aggravated assault. On September 4, 2002, Petitioner moved to withdraw his plea of guilty. The Court denied the motion and sentenced him to 100 months imprisonment.

Petitioner appealed, and the Eighth Circuit reversed the denial of Petitioner's motion to withdraw his plea. The Court

remanded the matter for further proceedings. United States v. Head, 340 F.3d 628 (8th Cir. 2003).

A second trial was held before this Court, and on March 22, 2004, Petitioner was convicted of two counts of aggravated assault and one count of brandishing a firearm during a crime of violence. On March 23, 2004, Petitioner was sentenced by this Court to 204 months imprisonment.

Petitioner took a timely, direct appeal from that conviction and judgment. Petitioner raised three claims on direct appeal. Specifically, Petitioner asserted that (1) Petitioner's statement to FBI Special Agent Egelhof should have been suppressed at trial;(2) Petitioner's motion to exclude impeachment evidence should have been ruled upon before he decided whether to testify on his own behalf; and (3) Petitioner should have been allowed to impeach Alana Brown at trial with certain alleged statements she made to a third person. The Eighth Circuit denied Petitioner's claims and affirmed his convictions. United States v. Head, 407 F.3d 925 (8th Cir. 2005).

Petitioner now raises numerous claims in a habeas petition, a "Motion to Supplement," and "Suggestions" filed in support of his motion, which may be summarized as follows[1]:

---

[1] The undersigned has attempted to accurately summarize Petitioner's claims, which are at times vague, redundant, and/or unclear legally or factually. If the Court identifies cognizable claims not referenced herein, the government respectfully requests leave to file a supplemental brief addressing the claim or claims.

| | |
|---|---|
| Claim I: | Denial of Counsel by the Red Lake in connection with Extradition Proceedings. |
| Claim II: | Ineffective Assistance of Counsel |
| Claim III: | Violation of Brady |
| Claim IV: | Illegitimacy of Extradition Proceedings Conducted by Red Lake. |
| Claim V: | Double Jeopardy Violation |
| Claim VI: | Federal Preemption of Red Lake Tribal Jurisdiction |
| Claim VII: | Selective Prosecution |
| Claim VIII: | Insufficient Evidence to Support Convictions |
| Claim IX: | Subornation of Perjury |
| Claim X: | Prosecutorial Misconduct |
| Claim XI: | Violation of the Dual Sovereignty Doctrine |
| Claim XII: | Lack of Subject-Matter Jurisdiction |
| Claim XIII: | Speedy Trial Violation |
| Claim XIX: | Confrontation Clause Violation |
| "Suggestions": | Counts 2 and 3 were not Offenses named in the Major Crimes Act.[2] |

Petitioner also has requested an evidentiary hearing.

For the reasons specified below, Petitioner's claims should be denied and no evidentiary hearing should be held.

## ARGUMENT

### I. PETITIONER'S CLAIMS FOR RELIEF NUMBERED 1, 3-11, AND 13-14 SHOULD BE DENIED AS PROCEDURALLY-BARRED AND WITHOUT MERIT.

#### A. Claims Numbered 1, 3-11, and 13-14 Are Procedurally-Barred and Not Cognizable under the "Cause and Prejudice" or "Actual Innocence" Exceptions.

##### 1. Standard.

Title 28, U.S.C. § 2255 requires a prisoner to show that he has the right to be released because:

[2] Claims Twelve through Fourteen are found in Petitioner's "Motion to Supplement Brief Filed by Pro Se Petitioner on 18 U.S.C. § 2255," and his "Suggestions" are found in his "Suggestions in Support of Petitioner's Previously Filed 28 U.S.C. § 2255."

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." Blom v. United States, 2003 WL 21639165, *2 (D. Minn. July 2, 2003) (unreported)(citing United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

As the Eighth Circuit has noted, "Prisoners adjudged guilty of crime should understand that 28 U.S.C.A. 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or fact must be raised by timely appeal from the sentence if the petitioner desires to raise them." Houser v. United States, 508 F.2d 509, 514 (8th Cir. 1974).

Accordingly, it is well-settled that any nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal cannot be raised in a Section 2255 motion. Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Even assuming the Petitioner has asserted cognizable

claims, his claims still will be procedurally-barred unless he can meet the "cause and actual prejudice" standard. Under that standard, to obtain collateral relief, a petitioner must show both (1) "cause" excusing his procedural fault, and (2) "actual prejudice" resulting from the error of which the petitioner complains. United States v. Frady, 456 U.S. 152, 168 (1982); Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995). Moreover, the petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original).

Alternatively, if the Petitioner cannot show "cause and actual prejudice," he might still be entitled to relief if he could show "actual innocence." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001), cert. denied, 534 U.S. 1148 (2002) (citing Bousely v. United States, 523 U.S. 614, 622 (1998)). "Actual innocence," however, is a strict standard and requires that the petitioner demonstrate "factual innocence, not simply legal insufficiency of evidence to support a conviction." McNeal, 249 F.3d at 750. Petitioner would need to "demonstrate, in light of all the evidence that 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (citations omitted).

**2. Claims 1, 3-11, and 13-14 Are Procedurally-Barred.**

Petitioner's Claims 1, 3-11, and 13-14 were not raised on direct appeal. To the extent the claims raise constitutional concerns at all, Petitioner has failed to meet the "cause and prejudice" or "actual innocence" threshold showings necessary to defeat the resulting procedural bar. Therefore, his claims must be dismissed.[3]

Petitioner has offered no "cause" for his failure to raise any of his issues in a direct appeal. Similarly, he has not shown "actual prejudice." Moreover, Petitioner has made no showing, much less a sufficient showing, of "actual innocence." The record as to each claim may be summarized as follows:

---

[3] Because "claims of ineffective assistance of counsel are not normally considered on direct appeal," these claims usually are properly considered as part of a motion under Section 2255. See United States v. Embrey, 250 F.3d 1181, 1184 (8th Cir. 2001). For this reason, Petitioner's ineffective assistance of counsel claim is addressed separately below. In addition, Petitioner's Claim XII and his subsequent "Suggestion" filing raise jurisdictional claims and thus are also addressed separately below. See United States v. Mooring, 287 F.3d 725, 727 (8th Cir. 2002)("[I]f the error is jurisdictional, the error may be raised on collateral review without being subjected to procedural default analysis.").

| **CLAIM (Number and Summary of Ground)** | **CAUSE AND PREJUDICE** | **ACTUAL INNOCENCE** |
|---|---|---|
| I: Extradition from Red Lake without Assistance of Counsel | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |
| III: Brady Violations | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence; to the extent it is fashioned as one, no showing of new, reliable evidence that would have led reasonable jurors to acquit him; evidence supporting convictions was and is sufficient. |
| IV: Extradition from Red Lake without Hearing | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |

| **CLAIM (Number and Summary of Ground)** | **CAUSE AND PREJUDICE** | **ACTUAL INNOCENCE** |
|---|---|---|
| V: Violation of Double Jeopardy | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |
| VI: Preemption of Tribal Court Jurisdiction | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |
| VII: Selective Prosecution | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |
| VIII: Insufficient Evidence | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal. | No demonstration of actual, factual innocence. |

| **CLAIM (Number and Summary of Ground)** | **CAUSE AND PREJUDICE** | **ACTUAL INNOCENCE** |
|---|---|---|
| IX: Subornation of Perjury | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence; to the extent it is fashioned as one, no showing of new, reliable evidence that would have led reasonable jurors to acquit him; evidence supporting convictions was and is sufficient. |
| X: Prosecutorial Misconduct | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence; to the extent it is fashioned as one, no showing of new, reliable evidence that would have led reasonable jurors to acquit him; evidence supporting convictions was and is sufficient. |
| Claim XI: Dual Sovereignty Violation | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |

| CLAIM (Number and Summary of Ground) | CAUSE AND PREJUDICE | ACTUAL INNOCENCE |
|---|---|---|
| Claim XIII: Speedy Trial Violation | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |
| Claim XIV: Confrontation Clause Violation | None. Even if assertions are true, no showing of why claim could not have been raised on direct appeal, and no showing of actual prejudice in second trial. | Not a claim of actual, factual innocence. |

For these reasons, Petitioner's claims (other than Claims II, XII, and his "Suggestions," all of which are addressed separately below) are procedurally-barred and should be denied.

**B. <u>Claims Numbered 1, 3-11, and 13-14 Have No Merit</u>.**

Even if the enumerated claims for relief were not procedurally-barred, they are without merit and should be dismissed.

**1. Claim I: Petitioner's Attack on the Availability of Counsel in Connection with His Extradition from Red Lake Tribal Court Is Not Cognizable in a Habeas Proceeding.**

In Petitioner's First Claim for Relief, he asserts that he was denied counsel in connection with his extradition from the

Red Lake Indian Reservation. See Pet. at 1-5. It is well-settled, however, that a claim of defect in extradition proceedings does not give rise to post-conviction relief. See, e.g., Weddell v. Meierhenry, 636 F.2d 211, 214-15 (8th Cir. 1980); see also Harden v. Pataki, 320 F.3d 1289, 1296-99 (11th Cir. 2003). Accordingly, Petitioner's first claim for relief, even if not procedurally-barred, should be denied.[4]

**2. Claim III: Petitioner's Brady Claim Is Without Support.**

Petitioner's Third Claim alleges largely unspecified violations of the government's discovery obligations under Brady v. Maryland and related precedents. Petitioner fails to satisfy the standards for a Brady claim, and the claim, even if not procedurally-barred, should be denied.

To succeed on a Brady claim, Petitioner "must establish (1) "the prosecution suppressed evidence," (2) "the evidence was favorable to him," and (3) "the evidence was material to either his guilt or his punishment." Mandacina v. United States, 328, F.3d 995, 1001 (8th Cir. 2003)(quoting United States v. Carman,

[4] This claim, like several others, includes references to the Court's jurisdiction. However, because Petitioner's factual assertions, *even if accurate*, create no jurisdictional defect, the government submits that the claim is subject to the non-jurisdictional procedural-bar discussed in section I(A) above. In other words, because there is no cognizable jurisdictional claim, any unspecified non-jurisdictional claim for relief is procedurally-barred. If the claim is classified as jurisdictional and is not procedurally-barred, it fails on the merits for the reasons noted above.

314 F.3d 321, 323-24 (8th Cir. 2002)). To establish materiality in the context of Brady, "'the accused must show there is a reasonable probability that if the allegedly suppressed evidence had been disclosed at trial the result of the proceeding would have been different.'" Mandacina, 328 F.3d at 1001 (quoting Drew v. United States, 46 F.3d 823, 828 (8th Cir.1995)). "'A 'reasonable probability' is a probability sufficient to undermine the reviewing court's confidence in the outcome of the proceeding.'" Mandacina, 328 F.3d at 1001 (quoting Drew, 46 F.3d at 828).

Petitioner is unable to satisfy any of the three Brady-claim prongs. A careful reading of the claim establishes that Petitioner has not identified evidence suppressed by the prosecution, established how the evidence was favorable to him, or demonstrated materiality. Accordingly, Petitioner's claim, even if not procedurally-barred, would not succeed on the merits.

**3. Claim IV: Petitioner's Attack on Red Lake Extradition Proceedings Provides No Ground For Relief.**

The government believes the gravamen of Petitioner's Fourth Claim for Relief is most succinctly stated on page 45 of the Petition, where Petitioner asserts that "Legal Subject Matter Jurisdiction that was on the Red Lake Indian Reservation, in the Redlake Nation Tribal Court that was violated through the United States government by seizing Petitioner without allowing the

Petitioner aa Extradition Hearing in the Redlake Nation Tribal Court, where he would be represented by an attorney." Pet. at 45. This claim, even if not procedurally-barred, would not succeed on the merits.

Petitioner's Fourth claim overlaps his First, and may be disposed of on similar grounds. The alleged deficiencies in the Red Lake extradition proceedings do not, even if true, provide a viable ground for relief in post-conviction proceedings. See supra Section I(B)(1) and n. 3.

**4. Claim V: There Was No Double Jeopardy Violation.**

Petitioner's Fifth Claim of Relief alleges a violation of the Double Jeopardy Clause of the Fifth Amendment. See Pet. at 47-52. The claim is without merit. As a threshold matter, Petitioner was not "punished" within the meaning of double jeopardy jurisprudence by virtue of the Red Lake Tribe's pretrial detention of him on tribal charges. See, e.g., United States v. Warneke, 199 F.3d 906, 908 (7th Cir. 1999)("Pretrial detention does not trigger the attachment of 'jeopardy' so as to invoke the protection of the Double Jeopardy Clause."). Moreover, even if he had been prosecuted or "punished" for his offense conduct within the meaning of the Double Jeopardy Clause, that Clause is not violated by prosecutions by separate sovereigns - here the United States and the Red Lake Nation - for the same offense

conduct. See, e.g., United States v. Wheeler, 435 U.S. 313 (1978).

**5. Claim VI: Petitioner's "Preemption" Theory Fails to State a Claim.**

Petitioner's Sixth Claim for Relief, while reiterating components of Claims One and Five, alleges an unlawful preemption or interference with tribal court jurisdiction over his offense conduct. See Pet. at 53-58. As separate sovereigns, however, the federal government's prosecution in this matter did not divest the Red Lake Band of any separate authority it had and has to punish the same offense conduct. To the extent this claim again references the extradition proceedings, the government incorporates by reference its response to Claims One and Five above.

**6. Claim VII: Petitioner's Claim of Selective Prosecution Fails to State a Claim.**

Petitioner's Seventh Claim for Relief alleges selective prosecution. See Pet. at 59-68. This claim, not made before trial, was waived long ago. See United States v. Huber, 404 F.3d 1047, 1054 (8th Cir. 2005)("A selective-prosecution claim 'alleg[es] a defect in instituting the prosecution" that "must be raised before trial,' Fed.R.Crim.P. 12(b)(3)(A). Otherwise, it is waived.")(citing Fed.R.Crim.P. 12(e) and quoting United States v. Dion, 762 F.2d 674, 680 (8th Cir.1985), reversed in part on other grounds, 476 U.S. 734)). Moreover, Petitioner has not

established a prima facie case of selective prosecution, and has, for example, made no showing of being singled out based on race or any other impermissible ground. See Huber, 404 F.3d at 1054-55 (noting that defendant making selective prosecution claim must show "(1) he was singled out for prosecution while others similarly situated were not prosecuted for similar conduct," and (2) the decision to prosecute him was based on an impermissible motive such as race, religion, or an attempt by the defendant to secure other constitutional rights.")(internal quotation marks and citation omitted). This claim is without merit.

**7. Count VIII: Evidence Was Sufficient to Support Verdicts.**

Although fashioned as an attack on the indictment, Petitioner's Eighth Claim for Relief alleges, in sum and substance, that the evidence at trial was insufficient to sustain the counts of conviction. See Pet. at 64-68. This procedurally-barred claim is without merit. With respect to sufficiency, the government incorporates by reference the trial record in these proceedings. The government can also, upon direction of the Court, provide a copy of the government's statement of the facts submitted in connection with the direct appeal of this matter, which includes a factual summary supported by direct citations to the record.

**8. Claim IX: Petitioner's Subornation of Perjury Claim is Without Merit.**

Petitioner's Ninth Claim for Relief alleges that the government suborned perjury. See Pet. at 69-76. A careful reading of the Petition finds no support for the claim. Although Petitioner attacks alleged inconsistencies in testimony, relying largely on what appear to be assertions of his own personal knowledge not otherwise of record in this case, Petitioner has not identified any instances where the government suborned perjurious testimony. See, e.g., United States v. Verser, 916 F.2d 1268, 1271 (7th Cir. 1990). The claim, even if not procedurally-barred, should accordingly be denied.

**9. Claim X: Petitioner's Allegations of Prosecutorial Misconduct Fail to State a Claim.**

Petitioner's Tenth Claim for Relief alleges prosecutorial misconduct. See Pet. at 77-79. The assertions made by Petitioner are almost without exception raised elsewhere in the Petition, and the government incorporates its responses to those claims by reference. In instances where a new assertion is made, Petitioner fails to make a satisfactory showing of alleged misconduct. Stringer v. Hedgepeth, 280 F.3d 826, 829 (8th Cir. 2002)(noting standard for prosecutorial misconduct claims and noting that "'[a]s a general rule, 'prosecutorial misconduct does not merit federal habeas relief unless the misconduct infected the trial with enough unfairness to render [a] petitioner's

conviction a denial of due process.'")(quoting Louisell v. Dir. of Iowa Dept. of Corr., 178 F.3d 1019, 1023 (8th Cir. 1999)).[5]

**10. Claim XI: There Was And Is No Violation Of The Dual Sovereignty Doctrine.**

Petitioner's Eleventh Claim for Relief fails to state a claim for a violation of the dual sovereignty doctrine. See Pet. at 80-86. A close reading of the claim, which is centered on tribal court proceedings and assertions made about Alana Brown, reveals no basis in fact or law for the assertion that the dual sovereignty doctrine was violated in this matter.

**11. Claim XIII: There Was No Violation Of Speedy Trial Rights.**

Petitioner's Thirteenth Claim alleges a speedy trial violation. See Motion to Supplement at 3-4. Petitioner fails to establish a speedy trial violation; that any waiver of speedy trial was infirm; or that he was in any way prejudiced at the time of his second trial. Accordingly, Petitioner's procedurally-barred Speedy Trial claim has no merit.

**12. Claim XIX: There Was No Violation Of The Confrontation Clause.**

Petitioner's Fourteenth Claim purports to allege violations of the Confrontation Clause. See Motion to Supplement at 5-7.

---

[5] The admissibility of Petitioner's statement to Special Agent John Egelhof, a subject referenced by Petitioner in this claim for relief, was also the subject of Petitioner's direct appeal. See Head, 407 F.3d at 928-29. The Eighth Circuit denied the claim on the merits and, in the alternative, on harmless error grounds. Id.

Most of the assertions made in the claim are raised in Petitioner's other claims and are addressed above. The admissibility of Mr. Boland's prior testimony during the second trial was litigated in the trial proceedings, not raised on direct appeal, and is without merit for the reasons adopted by the Court in admitting the prior testimony.

## II. PETITIONER HAS FAILED TO SATISFY THE HEAVY BURDEN NECESSARY TO DEMONSTRATE AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

In "Ground Two" of his Petition, Petitioner argues that his sentence should be vacated because he received ineffective assistance of counsel. See Pet. at 6-31. The claim should be denied.

### A. Standard.

Petitioner "faces a heavy burden" to establish ineffective assistance of counsel pursuant to Section 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To sustain his ineffective assistance of counsel claim, Petitioner must show "his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (citing Strickland v. Washington, 466 U.S. 668 (1984)). If the petitioner cannot prove prejudice, the Court need not address whether counsel's performance was deficient. See Apfel, 97 F.3d at 1076.

To establish actual prejudice, Petitioner must prove a

reasonable probability exists that, but for the counsel's errors, the result of the proceeding would have been different. See Cheek, 858 F.2d at 1336 (citing Strickland, 466 U.S. at 694); see also El-Tabach v. Hopkins, 997 F.2d 386, 389 (8th Cir. 1993). A petitioner must show that the proceedings were rendered fundamentally unfair or unreliable by counsel's deficient performance. El-Tabach, 997 F.2d at 389. Mere speculation cannot satisfy the high standards set forth in Strickland. Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989), cert. denied, 493 U.S. 898 (1989).

**B. Petitioner Fails To Satisfy The Strickland Standard.**

At the threshold, Petitioner's claim should be denied because of his failure to satisfy the second prong of the Strickland test: the requirement of actual prejudice. Although Petitioner cites legal standards and makes conclusory allegations of prejudice, the claim is devoid of proof that a reasonable probability exists that the result of the second trial would have been different *even if* the vague and largely unsupported assertions of ineffective assistance were taken as true. See Pet. at 6-16, 31; cf. Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987)("[A] habeas corpus petitioner must allege sufficient facts to establish a constitutional claim. Mere conclusory allegations will not suffice."). Under these circumstances, no further inquiry is required and the claim

should be denied.

Even assuming, however, that Petitioner had sufficiently shown prejudice, his claim should be denied because Petitioner has failed to establish the first prong of the Strickland test: that his counsel's performance was deficient. Many of the factual and legal claims referenced in the claim have no merit. Petitioner's assertions related to tribal sovereignty, tribal and federal jurisdiction, and Brady issues, for example, have no merit for the reasons noted in response to Petitioner's other claims, and thus there was no deficiency in performance in those instances where his attorneys choose not to pursue them.

Pages 16-31 of the Petition purport to identify areas in which counsel was deficient. A careful reading of the claims (some of which relate to the first trial proceedings and not the second trial to verdict) do not support deficiency findings. Other than unspecified "alibi" evidence, Petitioner focuses largely on impeachment and other collateral matters, many of which (impeachment of Alana Brown through statements to third-parties, requests for Red Lake police and incident reports related to Alana Brown, etc.) were indeed raised by Petitioner's counsel and addressed by the Court before and during trial proceedings in this matter. Because a fair reading of Petitioner's claim reveals no basis to conclude that his counsels' performance was deficient under Strickland standards,

the claim should be denied.

**III. PETITIONER'S TWELFTH CLAIM SHOULD BE DENIED BECAUSE THIS COURT HAD JURISDICTION OVER THE OFFENSES OF CONVICTION.**

Petitioner lodges in Claim Twelve assertions of insufficient evidence and lack of jurisdiction over aiding and abetting liability pled under the Major Crimes Act. See Motion to Supplement at 1-2. The insufficiency claim is addressed in response to Claim 2 above. See Argument II. With respect to the jurisdictional claim, federal laws of general applicability (i.e. laws where location of crime is not an element) apply in Indian Country. See United States v. Yankton, 168 F.3d 1096, 1097-98 (8th Cir. 1999)(applying 18 U.S.C. § 3, accessory after the fact liability, to offense occurring in Indian Country as law of general applicability); see also United States v. Begay, 42 F.3d 486, 498-501 (9th Cir. 1994)(applying 18 U.S.C. § 371, conspiracy liability, in Indian Country). Aiding and abetting liability, as codified in 18 U.S.C. § 2, is a law of general applicability properly invoked in this case, and Petitioner's claim should accordingly be denied.

**IV. PETITIONER'S "SUGGESTED" CLAIM SHOULD BE DENIED BECAUSE COUNTS 2 AND 3 WERE PROPERLY CHARGED.**

Petitioner provided supplemental "Suggestions," filed after his initial Petition, in which he asserts that his convictions for "Aggravated Assault" were jurisdictionally infirm. See "Suggestions" at 2-3. Petitioner's suggestions are without

merit.

Petitioner was duly and appropriately convicted of violations of the statutes enumerated in Counts 2 and 3, with charging language appropriately derived from the relevant statutory provisions. The titling of the counts as "Aggravated Assault," referring to the connection between the assault and use of dangerous weapons, had and has no legal effect and does not render the jurisdictional, statutory, or substantive bases for the convictions invalid. Petitioner's claim should according be denied.

**V. AN EVIDENTIARY HEARING IS UNNECESSARY BECAUSE THE RECORD CONCLUSIVELY SHOWS PETITIONER IS NOT ENTITLED TO RELIEF.**

An evidentiary hearing is unnecessary in this matter because "the motion and the files and records of the case conclusively show that the Petitioner is entitled to no relief." See 28 U.S.C. § 2255; see also McNeal v. United States, 249 F.3d 747, 749 n.2 (8th Cir. 2001), cert. denied, 534 U.S. 1148 (2002). "A §2255 'petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.'" Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998)(citations omitted); see also Dall v. United States, 957

F.2d 571, 573 (8th Cir. 1992)(noting that where Section 2255 "claims can be resolved by reference to the prior records," there is no need for a hearing). For these reasons, the Petitioner's request for a hearing should be denied.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 should be denied.

Dated: December 22, 2006

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

s/ David M. Genrich

BY: DAVID M. GENRICH
Assistant U.S. Attorney