UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 02-75(1) (ADM)
Civil No.: 06-3873 (ADM)

| | | |
|---|---|---|
| ROBERT GEORGE HEAD JR., Petitioner, | ) | |
| v. | ) | **GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL § 2255 CLAIM** |
| UNITED STATES OF AMERICA Respondent. | ) | |

The United States of America, by and through its undersigned counsel, hereby submits this response in opposition to Defendant-Petitioner Robert George Head Jr.'s supplemental § 2255 claim. Petitioner's supplemental claim alleges that the "willfully caused" language of 18 U.S.C. § 2(b) was improperly omitted from the charge to the jury. The claim should be denied for the reasons set forth below.

At the threshold, the claim is procedurally-barred. Petitioner makes a bare assertion of "ineffective assistance" in an attempt to satisfy the "cause and prejudice" standard applicable to procedural default. See Pet.'s Supp. at 4. A conclusory allegation of "ineffective assistance" does not satisfy Petitioner's cause-and-prejudice burden. See Gov't Resp. at 5-6 (examining cause and prejudice standards). At minimum, given the strength of the evidence supporting the jury's verdicts in this matter, the claim raises no issue that undermines the integrity of Petitioner's convictions and thus, even if taken as

meritorious, any claimed error resulted in no prejudice.

To the extent the merits of the claim are reached, the claim fails. The indictment, which properly pled the substantive offenses and the aiding-and-abetting liability theory, was not defective. In fact, it is "well established . . . that a defendant may be convicted of aiding and abetting under section 2 even though he may not have been formally charged [at all] in that capacity." United States v. McKnight, 799 F.2d 443, 445 (8th Cir. 1986). The indictment accurately and appropriately charged the substantive offenses in tandem with the aiding and abetting liability theory codified at 18 U.S.C. § 2(a).

Petitioner's reliance on the "willfully" language found in 18 U.S.C. § 2(b) is misplaced. The aiding and abetting statute has two subsections. See 18 U.S.C. §§ 2(a), 2(b). Section 2(a), the more commonly-used theory, criminalizes the aiding and abetting the commission of a federal criminal offense. See 18 U.S.C. § 2(a). Section 2(b) is employed when a defendant is alleged to have "willfully caused" an innocent third-party to commit a federal offense. See, e.g., United States v. Concepcion, 983 F.2d 369, 383-84 (2d Cir. 1993)(analyzing differences between § 2(a) and § 2(b), including § 2(b)'s "innocent intermediary" focus). Consistent with the different foci of the two subsections, Section 2(b) contains "willfulness" language that is not a part of § 2(a).

In this case, the government's theory was not that Petitioner caused an innocent third-party to commit a criminal offense under § 2(b), but rather that Petitioner aided-and-abetted the knowing commission of the underlying assaultive crimes under § 2(a). The Court instructed consistent with that theory, charging the jury on the elements of § 2(a) aiding-and-abetting to include requiring the government to prove beyond a reasonable doubt "that all the essential elements of the offense were committed by some person or persons and that defendant aided and abetted the commission of the crime." Trial Tran., Day 4, at 48-49. The requirement that the government prove the commission of the underlying offense is one element that distinguishes § 2(a) from § 2(b). See United States v. Cohen, 260 F.3d 68, 77 (2d Cir. 2001)(noting that § 2(a) requires proof that the underlying crime was committed while § 2(b) does not).[1] Conversely, whereas "willful causation" is an element of § 2(b), it is not an element of § 2(a). See, e.g., Concepcion, 983 F.2d at 383-84; United States v. Mazza, 1999 WL 1244418 at *4 (E.D.Pa. 1999)(attached as Attachment A)(noting § 2(b) requires willfulness and § 2(a) does not); see also, e.g., United States v. Nolan, 136 F.3d 265, 271-72 (2d Cir. 1998); United States v.

[1] Similarly, McKnight included a § 2(b) theory, and the jury was accordingly charged with "willful" language included. See McKnight, 799 F.2d at 446 (charging jury on §§ 2(a) and 2(b) language).

Bradley, 540 F.Supp. 690, 693 (D.Md. 1982).[2]

In sum, the jury was properly charged in this matter. Petitioner's supplemental claim should accordingly be denied.

**CONCLUSION**

Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 should be denied.

Dated: April 9, 2007

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

s/ David M. Genrich

BY: DAVID M. GENRICH
Assistant U.S. Attorney

[2] The required *mens rea* for § 2(a) was instructed accurately in this matter. The government was required to prove beyond a reasonable doubt that Petitioner both knew that the underlying offense was being committed and that Petitioner acted with the specific purpose of causing, encouraging, or aiding the commission of the offense. See Trial Tran., Day 4, 48-49.