**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff-Appellee,

v.

Robert George Head, Jr.,

Defendant-Appellant.

---

Crim. No. 02-75 (1) (ADM/RLE)
Civil No. 06-3873 (ADM)

**MEMORANDUM AND ORDER**

## INTRODUCTION

In March 2004, a jury found Defendant guilty in this matter on two counts of aggravated assault, and one count of brandishing a firearm during a crime of violence. He was sentenced to 204 months in federal prison, to be followed by five years of supervised release, and he is presently serving his sentence at the Federal Correctional Institution at Oxford, Wisconsin.

Defendant's conviction and sentence were affirmed on direct appeal in 2005, and the United States Supreme Court denied his subsequent application for a writ of certiorari. United States v. Head, 407 F.3d 925 (8th Cir. 2005), cert. denied, 547 U.S. 1082 (2006). In 2006, Defendant filed a motion for relief under 28 U.S.C. § 2255. (Docket No. 186.) The § 2255 motion, as supplemented and amended, presented fifteen grounds for relief. This Court considered and rejected all of Defendant's post-conviction claims on the merits, (even though most of those claims were procedurally defaulted, because they could have been raised on direct appeal), and his § 2255 motion was denied by the Court's order of July 9, 2007. (Docket No. 206.)

On September 21, 2007, Defendant filed a Notice of Appeal. (Docket No. 209.) The Clerk of Court has properly construed the Notice of Appeal to be an application for a Certificate of

Appealability, ("COA"), as well. (Docket No. 210.) For the reasons discussed below, the Court finds that Defendant is not entitled to a COA in this matter.

**DISCUSSION**

A federal criminal defendant is not permitted to appeal a final order denying a motion brought under 28 U.S.C. § 2255 without first securing a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Defendant has not identified any specific claims that he seeks to raise on appeal,

so the Court will assume that he is seeking appellate review of all of the claims that he raised in his § 2255 motion (as amended). After reviewing those claims once again, the Court remains fully satisfied that they were properly denied for the reasons set forth in the order denying the § 2255 motion. The Court does not find that any of Defendant's claims are "debatable among reasonable jurists," nor does the Court find any reason to think that any other court -- including the Eighth Circuit Court of Appeals -- could decide his claims any differently than they were decided here. None of Defendant's claims presents a "close call," or an issue otherwise worthy of further review.

In sum, Defendant has not made "a substantial showing of the denial of a constitutional right" with respect to any of the claims presented in his § 2255 motion; nor has he identified anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review for a second time. Therefore, Defendant will not be granted a COA in this matter.[1]

[1] As an aside, the Court notes that Defendant's Notice of Appeal was filed more than sixty days after his § 2255 motion was denied, and his appeal therefore appears to be untimely.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Defendant's application for a Certificate of Appealability, (Docket No. 210), is DENIED.

Dated: October __10___, 2007

s/Ann D. Montgomery

______________________________
ANN D. MONTGOMERY
United States District Court Judge