# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Robert George Head, Jr.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 02-75(1) ADM/RLE

_____

Robert George Head, pro se.

Clifford B. Wardlaw, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Robert George Head's ("Head") Motion for Relief from Final Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3) [Docket No. 227]. The facts and procedural history underlying this dispute are comprehensively set forth in this Court's Order [Docket No. 206] denying Head's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence and the Order [Docket No. 225] denying Head's Motion to Reduce Sentence. For the reasons set forth herein, Head's motion is denied.

## II. DISCUSSION

**A. Successive Habeas**

Head relies on <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005) as precedent that his Rule 60(b) motion alleging fraud on the court should not be recharacterized as a successive § 2255 motion.

This argument has previously been rejected in this district. In United States v. Leon, Judge James Rosenbaum of this Court explained,

> The holding in Gonzalez is narrow. That court limited its holding to Rule 60(b) motions made subsequent to a habeas petition under 28 U.S.C. § 2254. In doing so, it excluded Rule 60(b) motions subsequent to § 2255 petitions, such as that previously filed by petitioner.
>
> More importantly, the Supreme Court limited Gonzalez to those cases when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

No. 97-CR-124(14), 2008 WL 3906762, at *2 (D. Minn. Aug. 25, 2008). Here, too, Gonzalez is distinguishable. Head does not assert a "defect in the integrity of the [prior] federal habeas proceedings," the existence of which may permit him to file a Rule 60(b) motion. Gonzales, 545 U.S. at 535. Head instead alleges constitutional and fraudulent defects in the proceedings of the underlying trial. Therefore, this motion does not qualify for the Gonzales exception, and his Rule 60(b) motion amounts to a successive habeas corpus petition.

Section 2255 restricts the filing of second or successive habeas motions. Such a motion may only be made after the appropriate court of appeals has authorized the district court to consider the application. 28 U.S.C. § 2244(b)(3). Head has made no such application. Instead, he is attempting to circumvent 28 U.S.C. § 2244(b)(3) by purportedly invoking some other procedural device. See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). This Court is not authorized to hear Head's motion, and his motion is therefore denied.

**B. Rules 60(b) and 60(d) on the Merits**

Even if this court were to consider Head's Rule 60(b)(3) and Rule 60(d)(3) motion on the merits, his motion fails. Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]

Rule 60(d) provides:

> **Other Powers to Grant Relief**.
> This rule does not limit a court's power to:
>
> . . . .
>
> (3) set aside a judgment for fraud on the court.

The fraud contemplated by Rule 60(b)(3) "is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated with the good order of society." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944). Thus, for Rule 60(b) to apply, the alleged fraud must be perpetuated against *the court*, rather than against individuals. Superior Seafoods, Inc. v. Tyson Foods, Inc., No. 06-2543, 2009 WL 928330, at *7 (D. Minn. Mar. 31, 2009) (citing Heim v. Comm'r, 872 F.2d 245, 249 (8th Cir. 1989)). For example, instances of bribing a judge or jury or falsifying evidence would qualify. Landscape Props., Inc. v. Vogel, 46 F.3d 1416, 1422 (8th Cir. 1995). For relief under Rule 60(b)(3), "the movant must show by clear and convincing evidence that his opponent

3

engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case." Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998). Similarly, as the text of Rule 60(d) makes clear, the fraud necessary to implicate the relief under Rule 60(d)(3) must be on the court.

In his motion, Head alleges fraud on the court by maintaining that, among other things, (1) the prosecution coerced a witness and an ex-cellmate to perjure themselves, (2) Head was prevented from presenting his version of the facts, (3) he was incriminated by someone who later recanted, (4) he was provided ineffective assistance of counsel, and (5) authorities threatened the tribal judge with federal charges to persuade him to extradite Head. These allegations were previously raised in Head's § 2255 motion and were found by this Court to be unsubstantiated and insufficient to warrant relief under § 2255. Head proffers no new evidence to support his allegations, nor any credible argument that they constitute the type of fraud contemplated by Rule 60. Thus, whether viewed in the context of § 2255 or Rule 60, Head's contentions are unsubstantiated and merit no further inquiry. To the extent that any of his current claims were not raised in his previous § 2255 motion, they could have been raised and thus are procedurally barred.

### III. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The

4

Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in Head's motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Head's Motion for Relief from Final Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3) [Docket No. 227] is **DENIED**.

BY THE COURT:


　　s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 21, 2010.